UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 06-019 (EGS) |
| | : | |
| v. | : | |
| | : | |
| AKIUBER NDORMOMO JAMES, | : | |
| | : | |
| Defendant. | : | |

MOTION OF THE UNITED STATES
FOR ORDERS OF FORFEITURE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Fed. R. Crim. P. 32.2, for (1) a Final Order of Forfeiture in the form of a personal money judgment against defendant Akiuber Ndormomo James; and (2) a Preliminary Order of Forfeiture as to one dark blue/green 2004 Land Rover Discovery II, VIN: SALTR19434A829815 and one blue 2001 Chevrolet 3500 Express van, VIN: 1GAHG39R211120100.  Two separate proposed Orders of Forfeiture are submitted with this motion.

I.      BACKGROUND

On February 1, 2006, a federal grand jury returned a 26-count Superseding Indictment against defendant, Akiuber Ndoromo James, charging heath care fraud, wire fraud, false statements regarding health care matters, and money laundering.  The Superseding Indictment also contained a Forfeiture Allegation, predicated on Count One (health care fraud) and Counts Twenty through Twenty-Seven (money laundering), for a money judgment and forfeiture of two vehicles:  one dark blue/green 2004 Land Rover Discovery II, VIN: SALTR19434A829815 and one blue 2001 Chevrolet 3500 Express van, VIN: 1GAHG39R211120100.

The Forfeiture Allegation contains a "substitute asset" provision by which the

government can liquidate, to satisfy a personal money judgment, assets of a convicted defendant that are not directly "derived from" or "involved in" the crimes of conviction (here the health care fraud and money laundering offenses). The substitute asset provision permits a defendant's personal assets to be attached and forfeited to satisfy the money judgment that substitutes for directly forfeitable property that can no longer be located or has been sent to others.[1]

On March 30, 2007, a jury found the defendant guilty of Count One, health care fraud, Counts Six through Sixteen (false statements relating to health care matters), and Counts Nineteen through Twenty-Six (money laundering).[2] The jury returned special verdicts regarding the Forfeiture Allegation. The jury found by a preponderance of the evidence that $1,856,812.71 represented a sum of money constituting or derived from proceeds traceable to health care fraud. The jury found the same sum of money to have been involved in or traceable to property involved in money laundering. The jury also found that the 2004 Land Rover Discovery II and the 2001 Chevrolet 3500 Express van were derived from proceeds traceable to health care fraud, and were involved in or traceable to property involved in money laundering.

## II.    ARGUMENT

The Court's jurisdiction in this matter is founded upon Title 18, United States Code, Section 982(a)(7), which provides for forfeiture of property which constitutes or is derived,

---

[1] James has filed a claim in United States v. $455,273.72, *et al.*, Case No. 05-cv-356 (EGS), asserting his interest in approximately $1.2 million dollars worth of assets seized by the government. The civil matter is currently stayed. The United States may move the Court to satisfy the money judgement in the criminal case, in part, by substituting those assets. This may be more expeditious then moving for summary judgment in the civil case based upon the defendant's conviction in the criminal case.

[2] Counts Two through Five (wire fraud) and Seventeen and Eighteen (false statements relating to health care matters) were dismissed at the government's request.

directly or indirectly, from gross proceeds traceable to the defendant's scheme to defraud a federal health care program, in violation of Title 18, United States Code, Section 1347. This Court's jurisdiction for the money laundering forfeiture is founded upon Title 18, United States Code, Section 982(a)(1), which provides for forfeiture of all property involved in a defendant's violation of the anti-money laundering statutes, including Title 18, United States Code, Section 1957.

In light of the defendant's impending sentencing for health care fraud and money laundering, and the jury's finding that the two vehicles and $1,856,812.71 constitute property subject to forfeiture, the government submits that criminal forfeiture, which is a mandatory part of the defendant's sentence in a criminal case, is now appropriate. See United States v. Monsanto, 491 U.S. 600, 606 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applies . . . ."); United States v. Gilbert, 244 F.3d 888, 909 (11th Cir. 2001) ("forfeiture is a mandatory element of sentencing"); United States v. Corrando, 227 F.3d 543, 552 (6th Cir. 2000) (forfeiture is a mandatory aspect of the sentence; district court erred in refusing to order forfeiture of "sufficiently quantifiable" proceeds of RICO offense); United States v. Johnston, 199 F.3d 1015, 1022 (9th Cir. 1999) (criminal forfeiture is mandatory and designed to ensure that a defendant does not profit from his crimes). Because forfeiture is part of a defendant's sentencing, the government need only prove its forfeiture allegations by a preponderance of the evidence. United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997).

Rules 32.2(b)(1), (b)(2), (b)(3) and (b)(4) of the Federal Rules of Criminal Procedure provide, in pertinent part, that:

> (1) As soon as practicable after a verdict . . . on any count in the indictment . . . with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. . . . The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.
>
> (2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).
>
> (3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence the proceedings that comply with any statutes governing third-party rights. At sentencing -- or at any time before sentencing if the defendant consents -- the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment.
>
> (4) Upon a party's request in a case in which a jury returns a verdict of guilty, the jury must determine whether the government has established the requisite nexus between the property and the offense committed by the defendant.

Thus, Rules 32.2(b)(1) and (2) require the entry of a Preliminary Order of Forfeiture (which is final as to a criminal defendant, but may not be final as to third parties professing an interest in a particular property) after the jury has determined which property is subject to forfeiture. Based on the evidence presented at the defendant's trial in this case, the jury found that the United States had established the requisite nexus between the two vehicles (specifically listed above) and the fraud and money laundering offenses. Thus, these specific assets (two vehicles) are subject to a Preliminary Order of Forfeiture as properties that are directly traceable

to the proceeds of defendant's scheme to defraud and as property involved in money laundering.[3]

Furthermore, the government's evidence established that the defendant derived $1,856,812.71 in proceeds from his fraud scheme and money laundering offenses. But, not all of the actual proceeds that the defendant acquired as a result of his offenses can be located upon the exercise of due diligence, either because the proceeds were moved and secreted, commingled with other property, or otherwise transferred to third persons. Thus, entry of a money judgment, as found by the jury, is appropriate in this case. See United States v. Day, 514 F.3d 1361 (D.C. Cir., 2008) (holding that "money judgments are appropriate in the criminal forfeiture context."). Because the money judgment is personal to the defendant (intervention by a third party creditor is impermissible), the Court should enter a Final Order of Forfeiture with respect to $1,856,812.71. If no third party intervenes against the vehicles, the separate forfeiture order against them will become final, too.

WHEREFORE, the United States respectfully requests that this Court enter a Final Order of Forfeiture for the specified money judgment of $1,856,812.71 against defendant, and a

---

[3] To the extent that the jury might not have found a nexus between the vehicles and the underlying fraud scheme and money laundering offenses for which the defendant was convicted, those vehicles still would be forfeitable as "substitute assets" to satisfy the money judgments discussed herein.

Preliminary Order of Forfeiture forfeiting to the United States one dark blue/green 2004 Land Rover Discovery II, VIN: SALTR19434A829815, and one blue 2001 Chevrolet 3500 Express van, VIN: 1GAHG39R211120100.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney
                                        for the District of Columbia
                                        D.C. Bar #498610

                                        ____/s/_____
                                        ELLEN CHUBIN EPSTEIN
                                        D.C. Bar #442861
                                        DIANE G. LUCAS
                                        D.C. Bar # 443610
                                        Assistant U.S. Attorneys
                                        555 4th Street N.W.
                                        Washington, D.C. 20530
                                        (202) 514-9832 (Chubin Epstein)
                                        Ellen.Chubin@usdoj.gov
                                        202-514-7912 (Lucas)
                                        Diane.Lucas@usdoj.gov